UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

NOLAN LAVAN BIGGINS,              )
                                  )
         Plaintiff,               )
                                  )
v.                                )    CV422-015
                                  )
GASHI SCOTT, *et al.*,            )
                                  )
         Defendants.              )

## ORDER

Plaintiff Nolan Lavan Biggins, a prisoner at the Chatham County Detention Center, has submitted a 42 U.S.C. § 1983 Complaint alleging that law enforcement officers unlawfully searched his vehicle, and that he and his passengers were illegitimately arrested. Doc. 1. He seeks to proceed *in forma pauperis* (IFP). Doc. 2. Due to several ambiguities in his IFP application, discussed below, the Court is unable to definitively conclude that Biggins is indigent. Biggins is **DIRECTED** to supplement his IFP application within 14 days from the date of entry of this Order.

Section 2. of the form IFP application prompts applicants to disclose whether they received money from various sources within the last twelve months. Doc. 2 at 1-2. Although Biggins indicates that he received

1

money from "[b]usiness, profession, or form of self-employment" in subsection a., Biggins' application does not indicate whether he received money from the sources listed in subsections b.-e. *Id.* Second, Biggins states that his last date of employment was June 2021, and that the amount of salary and wages per month he received at that time was approximately $4,000 before taxes. He indicates, however, that he received $40,000 from a personal plumbing business between May and August 2021, and $45,000 from a "[profession] job" between January and August 2021. *Id.* If Biggins was last employed in June 2021, and he received a total of $4,000 that month, his earnings in the previous five months would have to be over $16,000 per month for the $45,000 and $40,000 figures to be accurate. Finally, in the portion of the form which prompts applicants to "[provide] the total deposits to [the applicant's] prison trust account for the past six months," Biggins wrote "$500. $800," *id.* at 2, which might indicate either two deposits in the respective amounts or, perhaps the range of to the total deposits.

    The ambiguities and omissions of Biggins' IFP application make it impossible for the Court to conclude that he is indigent. Biggins is, therefore, **DIRECTED** to file a supplemental application to proceed IFP

within fourteen days from the date of entry of this Order. The Clerk of Court is **DIRECTED** to include with this Order a copy of the long-form Application to Proceed in District Court Without Prepaying Fees or Costs (AO239), and Biggins is **DIRECTED** to file his supplemental application using this long form. In completing the supplemental application, Biggins must answer every question to the best of his ability. If he lacks the requested information, he should reflect the lack of knowledge in his response and provide his best estimation of the requested amount.

    **SO ORDERED,** this 25th day of January, 2022.

                                              _____
                                              CHRISTOPHER L. RAY
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA